IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK O'NEAL ALFRED, | § | |
| TDCJ-CID NO. 871400, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-06-3734 |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are petitioner Patrick O'Neal Alfred's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) and Respondent Nathaniel Quarterman's Motion for Summary Judgment (Docket Entry No. 15). For reasons stated below, Quarterman's Motion for Summary Judgment will be granted, and Alfred's Petition for a Writ of Habeas Corpus will be denied.

## I.  Background

The facts of Alfred's crime were summarized as follows by the Court of Appeals for the Fourteenth District of Texas:

> On the morning of September 5, 1996, Joseph Anderson apparently became upset because he had heard that [Alfred] had been talking about him. Anderson went to another person's apartment to confront [Alfred]. An argument ensued, Anderson hit [Alfred], and the two fought briefly.

Glenda Davis, Anderson's girlfriend, later went to the apartment and apologized to the tenant.  Upon hearing the apology, [Alfred] told Davis that she "had just gotten [Anderson] killed."  Davis testified that Anderson later told her in a telephone conversation that [Alfred] had come to Anderson's place of employment, pointed a gun at him, and threatened to kill him.

That afternoon, Anderson was standing outside his apartment complex when an eighteen-wheel truck, driven by [Alfred], headed towards him, slid to a stop, and hit him without doing any serious harm. Anderson went to his vehicle, then ran to [Alfred's] truck, climbed up the side of the cab, and opened the door. [Alfred] then shot Anderson in the chest. Anderson died shortly thereafter from the wound. [Alfred] testified that Anderson had a gun and that he shot him in self-defense.  An eyewitness testified that he did not see Anderson with a gun.[1]

A grand jury indicted Alfred for murder on March 5, 1999.[2] Alfred pleaded not guilty to the charge, and a jury convicted him of first-degree murder and sentenced him to twenty years in prison on April 12, 1999.[3]  His sentence was enhanced based on a prior felony conviction.[4]  On September 21, 2000, the Texas Court of Appeals affirmed Alfred's conviction but ruled that the jury instructions should have contained an instruction on the mitigating factor of sudden passion.[5]  The court reversed and remanded for a

---

[1]<u>Alfred v. State</u>, No. 14-04-00088-CR, 2005 Tex. App. LEXIS 1384 (Tex. App. - Houston [14th Dist.] Feb. 15, 2005, pet. ref'd) (not designated for publication).

[2]Clerk's Record, p. 2.

[3]<u>Id.</u> at 83-A.

[4]<u>Id.</u>

[5]<u>Alfred v. State</u>, 06-99-00084-CR 2000 WL 1356774, at *9(Tex. App. -- Texarkana Sept. 21, 2000, pet. ref'd) (not designated for publication).

new trial on punishment.[6]  The Texas Court of Criminal Appeals refused a petition for discretionary review filed by Alfred.[7]

In his second punishment trial Alfred was sentenced by the jury to sixty years in prison.[8]  The Court of Appeals affirmed Alfred's sentence on February 15, 2005.[9]  Alfred filed a petition for discretionary review with the Texas Court of Criminal Appeals on June 10, 2005.  The petition was dismissed as untimely on July 19, 2005.[10]

Alfred then filed an application for a state writ of habeas corpus with the Texas Court of Criminal Appeals.[11]  On August 28, 2006, the trial court made findings of fact and conclusions of law and recommended that relief be denied.  The Court of Criminal Appeals denied Alfred's habeas application without written order on November 15, 2006.[12]

---

[6]Id. at *10.

[7]Alfred v. State, No. PD-1846-00, Tex. Crim. App., February 23, 2001, available at http://www.cca.courts.state.tx.us/ opinions/Case.asp?FilingID=115241.

[8]Clerk's Record, p. 222.

[9]Alfred v. State, 2005 Tex. App. LEXIS 1384, at *7.

[10]Alfred v. State, No. PD-0428-05, 2005 Tex. Crim. App. LEXIS 915, July 17, 2005, available at http://www.cca.courts.state.tx.us/ opinions/case.asp?FilingID=233769.

[11]Ex parte Alfred, Appl. No. WR-65,986-01.

[12]Ex parte Alfred, Appl. No. WR-65,986-01, available at http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID= 2266640.

Alfred filed his federal petition for a writ of habeas corpus on November 27, 2006.[13]   He argues four grounds for relief in his petition, which he expands to six grounds in his supporting brief:

1.  Ineffective assistance of counsel, based on his lawyer's failure to:

    a.  develop a defense of actual/apparent danger;

    b.  request an instruction of a lesser-included offense;

    c.  object to hearsay evidence presented at trial;

    d.  properly advise Alfred during the second sentencing;

    e.  object to the use of Alfred's prior conviction as an element of the offense and enhancement;

    f.  properly object to the State's use of Alfred's extraneous offense; and

    g.  object to perjured testimony by a State witness.

2.  The trial court abused its discretion and denied him a fair trial by:

    a.  refusing to allow evidence of a State witness's prior conviction for impeachment purposes;

    b.  wrongly admitting evidence of Alfred's prior conviction for retaliation;

    c.  admitting improper hearsay evidence; and

    d.  refusing a jury request for additional information on self-defense.

3.  Vindictive prosecution, specifically:

    a.  the State retaliated against him for appealing his first sentence; and

_____

[13]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1.

-4-

      b.   the State improperly used his prior retaliation conviction.

4.   Prosecutorial misconduct, specifically:

      a.   improper admittance of prejudicial photos;

      b.   material misstatements of facts; and

      c.   improper argument for an enhanced sentence.

5.   Insufficient evidence to establish intent.

6.   Insufficient evidence to support the jury's finding that the offense was not the result of sudden passion.[14]

## II.  <u>Standard of Review</u>

### A.  **Habeas Corpus**

This court cannot grant a writ of habeas corpus with respect to a claim that was adjudicated on the merits in state court unless the state court decision:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Federal courts review pure questions of law and mixed questions of law and fact under subsection (d)(1) and questions of fact under subsection (d)(2). <u>Martin v. Cain</u>, 246

---

[14]Memorandum of Law and Brief in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 6.

F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000).  A decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  Id.  The court "*cannot* reverse the denial of habeas relief simply by concluding that the state court decision applied clearly established federal law *erroneously.*"  Martin, 246 F.3d at 476 (citing Williams, 120 S. Ct. at 1521) (emphasis in original). "Determination of a factual issue made by a State court shall be presumed to be correct," and the prisoner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

**B.   Summary Judgment**

Summary judgment is warranted when evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings,

-6-

depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. <u>Celotex Corp.</u>, 106 S. Ct. at 2553.   In response to such a showing the nonmoving party must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material fact that must be resolved at trial.   <u>Id.</u>

While "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000), the rule applies only to the extent that it does not conflict with the habeas rules. <u>Smith v. Cockrell</u>, 311 F.3d 661, 668 (5th Cir. 2002), <u>overruled on other grounds by</u> <u>Tennard v. Dretke</u>, 124 S. Ct. 2562 (2004). Therefore, 28 U.S.C. § 2254(e)(1), which mandates that findings of fact made by a state court are "presumed to be correct," overrides the ordinary rule that in a summary judgment proceeding all disputed facts must be construed in the light most favorable to the nonmoving party.   <u>Id.</u>  Unless petitioner can rebut the presumption of correctness by clear and convincing evidence as to the state court's findings of fact, they must be accepted as correct."   <u>Id.</u>

### III.   <u>Analysis</u>

### A.   Ineffective Assistance of Counsel

Alfred claims that he received ineffective assistance of counsel, specifically that his trial attorney failed to (i) develop

-7-

a defense of actual/apparent danger, (ii) request an instruction of a lesser-included offense, (iii) object to hearsay evidence, (iv) give proper advice during the second sentencing hearing, (v) object to the use of his prior conviction as both an element of the offense and a sentencing enhancement, (vi) properly object to the State's use of an extraneous offense, and (vii) object to the perjured testimony of a key State witness.

Under the standard set out in Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984), a defendant asserting ineffective assistance of counsel must prove that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. The first prong of the test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Under the second prong the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Wilkerson v. Collins, 950 F.2d 1054, 1064 (5th Cir. 1992). A "mere possibility" that a different result might have occurred is not enough to demonstrate prejudice. Lamb v. Johnson, 179 F.3d 352, 359 (5th Cir. 1999). Both prongs of the Strickland test must be met in order for a petitioner to be entitled to habeas relief. Strickland, 104 S. Ct. at 2064.

The ineffective assistance of counsel claims that Alfred raises in his federal petition are the same as those raised in his

-8-

state writ, and were denied on their merits by the Texas Court of
Criminal Appeals.    Therefore, in order for this court to grant
habeas relief it must determine that the state court's denial of
relief was contrary to, or involved an unreasonable application of,
clearly established federal law as determined by the Supreme Court.
28 U.S.C. § 2254(d)(1).   The relevant issue before this court is
"whether the state court's decision -- that [Alfred] did not make
the Strickland-showing -- was contrary to, or an unreasonable
application of, the standards, provided by clearly established
federal law (Strickland), for succeeding on his [ineffective
assistance of counsel] claim."   Schaetzle v. Cockrell, 343 F.3d
440, 444 (5th Cir. 2003) (emphasis omitted).

    1.   Actual or Apparent Danger Defense

    Alfred first claims that his counsel was ineffective for
failing to develop a defense of actual or apparent danger.[15]
However, actual or apparent danger is an element of the affirmative
defense of self-defense.   See Tex. Penal Code Ann. § 9.32.   The
trial transcript reveals that this was the defense's argument in
the guilt/innocence trial.[16]   The jury was given three pages of
instructions detailing the legal definitions of self-defense and

---

    [15]Memorandum of Law and Brief in Support of Petition for
Writ of Habeas Corpus, Docket Entry No. 6, p. 1.

    [16]Reporter's Record, Volume 4, pp. 76-78.

how actual or apparent danger played into it.[17]  Alfred's attorney

also developed this defense in his direct examination of Alfred:

| | |
|---|---|
| Defense counsel: | Would you have shot Mr. Anderson if he had not jumped on your truck and pulled a weapon on you? |
| Alfred: | No, I wouldn't. |
| Defense counsel: | Were you afraid that he was going to shoot you? |
| Alfred: | Yes, I was.  I was terrified of him.[18] |

"Our scrutiny of counsel's performance must be highly

deferential, and we must presume that counsel's conduct falls

within the range of reasonable professional assistance." Miller v.

Dretke, 420 F.3d 356, 361 (5th Cir. 2004).  The state habeas court

ruled that Alfred failed to show that his attorney's conduct fell

below an objective standard of reasonableness or that he had been

prejudiced by his counsel's alleged deficient conduct.[19]  This court

concludes that this was a reasonable application of the Strickland

test.

## 2.   Instruction for a Lesser-Included Offense

Alfred next claims that his trial attorney was ineffective for

not requesting instructions for the lesser-included offenses of

---

[17]Clerk's Record, pp. 61-63.

[18]Reporter's Record, Volume 4 (Trial 1), pp. 21-22.

[19]Respondent's Proposed Findings of Fact, Conclusions of Law, and Order, p. 2, Ex parte Alfred, Appl. No. WR-65,986-01.

manslaughter and involuntary manslaughter.[20]  The state habeas court held that Alfred failed to show that he was entitled to such an instruction, or that his attorney was deficient in not requesting it.[21]  Alfred points to no evidence that he was entitled to a manslaughter instruction, he only raises the possibility of a lighter sentence had the instruction been given.  Under Texas law a person commits manslaughter "if he recklessly causes the death of an individual."  Tex. Penal Code Ann. § 19.04.  A person acts recklessly "when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur."  Id. § 6.03.  Alfred does not argue that he acted recklessly, but that Anderson was the aggressor and that Alfred acted in self-defense.[22]  Alfred has not shown that the state court's decision that Alfred failed to make the required Strickland showing was an unreasonable application of the law.

3.  Hearsay Evidence

Alfred next claims that his attorney was ineffective for not objecting to hearsay evidence from Boderick Davis that, after the initial fight in the apartment, Alfred came to Anderson's place of

---

[20]Memorandum of Law and Brief in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 6, p. 1.

[21]Respondent's Proposed Findings of Fact, Conclusions of Law, and Order, p. 2, Ex parte Alfred, Appl. No. WR-65,986-01.

[22]Memorandum of Law and Brief in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 6, p. 7.

work with a gun and threatened to kill him.[23]  Boderick Davis's
testimony came after Alfred's attorney unsuccessfully objected to
similar testimony from State witnesses Claude Ferrell and Glenda
Davis.   Alfred alleges that his lawyer was ineffective in not
objecting to Boderick Davis's testimony because he failed to
preserve the issue for appeal.[24]  The appellate court ruled that any
trial court error in the admission of Ferrell's and Glenda Davis's
statements was cured when Boderick Davis provided substantially the
same testimony without objection.[25]  The state habeas court held
that Alfred failed to overcome the presumption that his trial
counsel's decision not to object was made in the exercise of
reasonable professional judgment, or show that he was ineffective
for not objecting.[26]  Since the objections to the testimony of
Ferrell and Glenda Davis had been overruled, Alfred's attorney was
not deficient in not objecting when Boderick Davis testified.
Counsel is not required to make futile motions or objections.  Koch
v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990).

Alfred also complains that the hearsay evidence did not
satisfy Texas's excited utterance exception.[27]   This is an

---

[23]Id. at 9.

[24]Id. at 11.

[25]Alfred v. State, 2000 WL 1356774 at *8.

[26]Respondent's Proposed Findings of Fact, Conclusions of
Law, and Order, p. 2, Ex parte Alfred, Appl. No. WR-65,986-01.

[27]Memorandum of Law and Brief in Support of Petition for
Writ of Habeas Corpus, Docket Entry No. 6, p. 10.

evidentiary issue for the state courts to decide; it is not a proper subject for federal habeas review.  "Errors of state law, including evidentiary errors, are not cognizable in habeas corpus as such."  Derden v. McNeel, 978 F.2d 1453, 1458 (1992), citing Estelle v. McGuire, 112 S. Ct. 475, 480 (1991).  Because Alfred has not demonstrated that the state court unreasonably applied federal law, he is not entitled to federal habeas relief on this claim.

    4.   <u>Advice of Counsel</u>

Alfred next alleges that his lawyer was deficient for not properly advising him to request sentencing by the judge if the jury rejected the claim of sudden passion.[28]  The state habeas court held that Alfred had not shown that the attorney's advice was unreasonable or deficient.[29]  Relying on and quoting an affidavit by Alfred's attorney, the state court held that "[Alfred] wanted a jury trial, not a judge or court trial because [Alfred] believed that he could charm the jury and no jury would give him more than ten years."[30]

The accused has the ultimate authority to make certain fundamental decisions regarding his case, including whether to plead guilty, waive a jury, testify on his own behalf, or appeal.  Jones v. Barnes, 103 S. Ct. 3308, 3312 (1983).  Alfred alleges that

---

[28]<u>Id.</u> at 11.

[29]Respondent's Proposed Findings of Fact, Conclusions of Law, and Order, p. 2, <u>Ex parte Alfred</u>, Appl. No. WR-65,986-01.

[30]<u>Id.</u>

the trial judge would have been constrained by the twenty-year sentence handed down by the jury in the first trial.[31]   Alfred has not cited any authority for this proposition.   He cites <u>North Carolina v. Pearce</u>, 89 S. Ct. 2072 (1969), <u>overruled on other grounds by</u> <u>Alabama v. Smith</u>, 109 S. Ct. 2201 (1989), for the proposition that a trial court cannot, without explaining the reason, impose a higher sentence on retrial of a defendant who successfully appealed his initial conviction.[32]   <u>Pearce</u> holds that a defendant is denied due process if he is punished for successfully appealing his initial conviction, and the trial judge must state any reasons for imposing a harsher penalty on retrial to overcome a presumption of vindictiveness.   <u>Id.</u> at 2081.

But subsequent Supreme Court decisions have clarified that the presumption of vindictiveness "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial." <u>Texas v. McCullough</u>, 106 S. Ct. 976, 979 (1986).   "The evil the [<u>Pearce</u>] court sought to prevent" was not the imposition of "enlarged sentences after a new trial" but "vindictiveness of a sentencing judge."   <u>Id.</u>   The presumption of vindictiveness only applies in circumstances in which there is a reasonable likelihood that the increased sentence is the product of actual vindictiveness

---

[31]Memorandum of Law and Brief in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 6, p. 11.

[32]<u>Id.</u> at 11-12.

-14-

on the part of the sentencing authority.  <u>Alabama v. Smith</u>, 109
S. Ct. at 2205, <u>citing</u> <u>United States v. Goodwin</u>, 102 S. Ct. 2485,
2488 (1982).  Where there is no such reasonable likelihood, the
burden remains with the defendant to prove actual vindictiveness.
<u>Smith</u> at 2205, <u>citing</u> <u>Wasman v. United States</u>, 104 S. Ct. 3217
(1984).  The presumption does not apply in this case where
different juries assessed the varying sentences.  <u>See</u> <u>Texas v.</u>
<u>McCullough</u>, 106 S. Ct. at 979.  Nor would the presumption have
applied if a judge, instead of a jury, had imposed Alfred's second
sentence.  Moreover, Alfred has not demonstrated that the state
habeas court's holding was an unreasonable application of
<u>Strickland</u>.

    5.  <u>Previous Felony Conviction</u>

    Alfred next claims that his attorney was ineffective for not
objecting to the use of his previous felony conviction for
retaliation as an element of the murder offense and as a basis for
enhancement for sentencing purposes.[33]  He claims that evidence of
the prior conviction was admitted at his trial to establish his
intent.[34]  The state habeas court held that the totality of the
representation afforded Alfred was sufficient to protect his right
to reasonably effective assistance of counsel,[35] and there is no

---

[33]<u>Id.</u> at 12.

[34]<u>Id.</u> at 13.

[35]Respondent's Proposed Findings of Fact, Conclusions of
Law, and Order, p. 3, <u>Ex parte Alfred</u>, Appl. No. WR-65,986-01.

evidence in the record that Alfred's prior conviction was used as an element of the murder offense.  The court instructed the jury in the guilt/innocence phase of the trial that "[a] person commits the offense of murder if he intentionally or knowingly causes the death of an individual; or if he intends to cause serious bodily injury and intentionally or knowingly commits an act clearly dangerous to human life that causes the death of an individual."[36]  This language is nearly identical to the wording of Texas's murder statute.  <u>See</u> Tex. Penal Code Ann. § 19.02(b)(1)-(2).

The prosecution questioned Alfred about the previous conviction only to "show [Alfred's] character for violence to rebut his argument that the victim was the first aggressor."[37]  Alfred has not demonstrated any violation of federal law in the use of his prior conviction as an enhancement or as rebuttal evidence in the trial, and is therefore unable to establish that the state habeas court's holding was an unreasonable application of federal law.

6.  <u>Failure to Make Proper Objection</u>

Alfred next argues that his attorney was ineffective for failing to <u>properly</u> object to the prosecution's introduction of his extraneous offense into evidence.[38]  His attorney objected to this

---

[36]Clerk's Record, p. 59.

[37]Reporter's Record, Volume 4 (Trial 1), p. 41.

[38]Memorandum of Law and Brief in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 6, pp. 13-14.

evidence under Tex. R. Evid. 404(b), but was overruled by the judge.[39]  Alfred argues "it is quite possible [his attorney] would have received a more favorable ruling by the court" had he raised an objection under Rule 403.[40]  Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . ." Tex. R. Evid. 403.  The possibility [remote under this record] that the trial judge might have sustained an objection on this ground is too attenuated to satisfy the reasonable probability standard.  A "mere possibility" that a different result might have occurred is not enough to demonstrate prejudice.  Lamb, 179 F.3d at 359.  The court concludes that Albert has not shown that the state court unreasonably applied clearly established federal law.

7.  Perjured Testimony

Albert next alleges that his counsel was ineffective for not objecting to perjured testimony by Boderick Davis, the only eyewitness to the murder.[41]  The alleged perjury concerned Boderick Davis's testimony regarding one of Davis's five prior felony convictions.  During cross-examination Davis testified that he had previously been convicted on three separate occasions of theft and

---

[39]Reporter's Record, Volume 4 (Trial 1), p. 34.

[40]Memorandum of Law and Brief in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 6, pp. 13-14.

[41]Id. at 15.

twice for delivery of a controlled substance.[42]  In reality, Davis had been convicted twice for theft, twice for delivery of a controlled substance, and once for attempted sexual assault.  The trial court partially granted a motion in limine pertaining to the attempted sexual assault, allowing the defense to mention that Davis had been convicted of a felony but forbidding discussion of the nature of the crime.[43]  Alfred's attorney objected to the judge's ruling, but did not object when Davis misrepresented the nature of the offenses when he testified.[44]  Alfred contends that Davis opened the door to discussion of the attempted sexual assault conviction and that his attorney was ineffective for not attempting to bring it to the jury's attention.[45]  Had the jury known of the nature of this conviction, Alfred claims, the credibility of the State's key witness would have been undermined.[46]

It is unlikely that Davis's credibility with the jury was affected by the misrepresentation.  Davis testified while wearing a prison uniform because he was incarcerated at the time of the

---

[42]Reporter's Record, Volume 3 (Trial 1), pp. 85-86.

[43]Id. at 34.

[44]Id. at 85-86.

[45]Memorandum of Law and Brief in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 6, p. 15 (incorporating Brief in Support of Application for Writ of Habeas Corpus at 7, Ex parte Albert, Appl. No. WR-65,986-01).

[46]Id.

trial and admitted to five felony convictions in the fourteen years before the trial.  While attempted sexual assault is a repugnant crime, a theft conviction could undercut a witness's credibility to a greater degree because it is a crime of dishonesty.  Alfred therefore has not demonstrated that he was prejudiced by the fact his attorney did not seek, for a second time, to have evidence of the attempted sexual assault admitted.  The court therefore concludes that the state habeas court's finding that Alfred's counsel was effective was not an unreasonable application of the <u>Strickland</u> test.[47]

## B.   Abuse of Discretion by the Trial Court

Alfred claims that he was denied due process because the trial court improperly (i) refused to allow evidence of Boderick Davis's prior conviction for impeachment, (ii) admitted evidence of Alfred's prior conviction for retaliation, (iii) admitted hearsay evidence, and (iv) refused a jury request for additional information on self-defense.[48]

Citing <u>Ex parte Gardner</u>, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998), the state habeas court dismissed these claims as procedurally barred because Alfred failed to raise them on the

---

[47]The court understands Alfred to argue that his counsel's ineffective assistance with regard to this issue constituted a denial of his due process rights.  However, ineffective assistance of counsel is properly analyzed under the Sixth Amendment and <u>Strickland</u>.

[48]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

direct appeal.[49]  Where the state court has denied relief on the basis of an independent and adequate state procedural rule, a prisoner may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991); Evans v. Cockrell, 285 F.3d 370, 375 (5th Cir. 2002).  The Fifth Circuit has recognized that application of the Gardner rule creates a bar to federal habeas review.  Brewer v. Quarterman, 466 F.3d 344, 347 (5th Cir. 2006); Busby v. Dretke, 359 F.3d 708, 719 (5th Cir. 2004); Soria v. Johnson, 207 F.3d 232, 249 (5th Cir. 2000).

Alfred is therefore procedurally barred from raising these claims on federal habeas review unless he can show cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 111 S. Ct. at 2565.  "Cause" usually means some objective factor external to the defense which prevented compliance with the state procedural rule, Murray v. Carrier, 106 S. Ct. 2369, 2645 (1986), or a showing of ineffective assistance of counsel in failing to preserve the issue at trial or on direct appeal.  Id. at

---

[49]Respondent's Proposed Findings of Fact, Conclusions of Law, and Order, p. 3, Ex parte Alfred, Appl. No. WR-65,986-01.

2647.  To show prejudice a petitioner must show that errors in his trial "worked to his actual and substantial disadvantage, infecting his entire trial with an error of constitutional dimensions." United States v. Frady, 102 S. Ct. 1584, 1596 (1982).

Alfred is not entitled to federal consideration of these issues because he has not shown that factors external to the defense prevented him from litigating them on appeal.  While ineffective assistance of counsel can establish cause for default, the court has already held that Alfred has not demonstrated that his attorney was ineffective with regard to claims (i)–(iii), and Alfred has not alleged that his attorney was ineffective for failing to object to the judge's denial of the jury's request for additional information on self-defense.

Nor has Alfred shown that a fundamental miscarriage of justice would follow from the court's refusal to hear these three claims. "The fundamental miscarriage of justice exception to the rule that state procedural default bars federal habeas review is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001).  "To make such a showing, the petitioner must present new, reliable evidence that was not presented at trial.  The petitioner must also show that no reasonable juror would have convicted him in light of the new evidence. Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999).

Alfred claims he is not guilty of murder but does not point to any new and compelling evidence of innocence not considered by the state courts.   The court therefore concludes that Alfred is procedurally barred from raising claims of abuse of discretion by the trial court.

The court acknowledges that Alfred raised claim (i) (that the trial court erred in not allowing him to use Boderick Davis's prior conviction for impeachment purposes) in his PDR from the first court of appeals' decision.[50]   However, the court finds no merit to this claim.   Alfred argues that the trial court's ruling hampered his ability to impeach the State's most important witness, whose testimony was at odds with Alfred's defense.[51]   The appeals court held that while the trial court erred in admitting the felony conviction but not the specific offense, that Alfred was not harmed by the error because attempted aggravated assault is a crime of violence and not of deception.[52]

"An evidentiary error in a state trial does not justify federal habeas relief unless it is of such magnitude as to constitute a denial of fundamental fairness under the Due Process

---

[50]Appellant's Petition for Discretionary Review, <u>Alfred v. State</u>, No. PD-1846-00.

[51]Memorandum of Law and Brief in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 6, p. 18 (incorporating Brief in Support of Application for Writ of Habeas Corpus at 7, <u>Ex parte Alfred</u>, Appl. No. WR-65,986-01).

[52]<u>Alfred v. State</u>, 2000 WL 1356774, at *3–4.

Clause." Skillern v. Estelle, 720 F.2d 839, 852 (5th Cir. 1983). "[T]he erroneous admission of prejudicial testimony does not justify habeas relief unless it is 'material in the sense of a crucial, critical, highly sensitive factor.'" Id. (quoting Porter v. Estelle, 709 F.2d 944, 957 (5th Cir. 1983)). For the reasons discussed in subpart III.A.7. of this Memorandum Opinion and Order, Alfred has not demonstrated that Boderick Davis's misrepresentation of his attempted sexual assault conviction "worked to his actual and substantial disadvantage, infecting his trial with an error of constitutional dimensions." United States v. Frady, 102 S. Ct. at 1596. The court therefore concludes that Alfred would not be entitled to habeas relief on this claim despite the procedural bar.

## C.   Vindictive Prosecution and Prosecutorial Misconduct

Alfred claims that he is entitled to federal habeas relief based upon several instances of vindictive prosecution and prosecutorial misconduct.[53] He argues that the prosecution acted vindictively by (i) increasing his sentence after his successful appeal and (ii) improperly using his prior retaliation conviction.[54] Alfred also argues that the prosecution engaged in misconduct by

---

[53]While Alfred divided these claims between the categories of vindictive prosecution and prosecutorial misconduct, the respondent and state habeas court consolidated them under the single category of prosecutorial misconduct.

[54]Memorandum of Law and Brief in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 6, p. 21.

(i) improperly admitting prejudicial photos of the victim, (ii) making material misstatements of fact regarding Boderick Davis's conviction for attempted sexual assault, and (iii) improperly arguing for an enhanced sentence.[55]

Citing <u>Ex parte Gardner</u>, 959 S.W.2d at 199, the state habeas court dismissed these claims as procedurally barred because Alfred had not raised them on direct appeal.[56] As discussed above, the Fifth Circuit has recognized that this state procedural rule bars federal habeas review. Alfred therefore is not entitled to federal habeas relief unless he can demonstrate cause for his default and prejudice as a result of an alleged violation of federal law, or show that a miscarriage of justice would result if his claims are not considered. <u>Coleman v. Thompson</u>, 111 S. Ct. at 2565. Because Alfred has not shown either cause for the default or prejudice, his claims of prosecutorial vindictiveness and misconduct are procedurally barred and not entitled to consideration on federal habeas review.

**D.   Insufficient Evidence of Intent**

Alfred next claims that the jury convicted him based on insufficient evidence of intent.[57] He presented this issue for the

------

[55]<u>Id.</u> at 22-24.

[56]Respondent's Proposed Findings of Fact, Conclusions of Law, and Order, p. 3, <u>Ex parte Alfred</u>, Appl. No. WR-65,986-01.

[57]Memorandum of Law and Brief in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 6, p. 25.

first time in his state habeas application.  Citing <u>Ex parte</u>
<u>McLain</u>, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994), the state
habeas court ruled that this challenge was not cognizable in post-
conviction habeas proceedings.[58]  Respondent argues that Alfred is
therefore procedurally barred from raising this claim on federal
habeas review.[59]  The Fifth Circuit has recognized this rule as an
independent and adequate bar to federal habeas review.  <u>Clark v.</u>
<u>Texas</u>, 788 F.2d 309 (5th Cir. 1986); <u>West v. Johnson</u>, 92 F.3d 1385,
1398 n.18 (5th Cir. 1996).  Because Alfred has not shown adequate
cause for defaulting this claim, he is not entitled to federal
habeas review of his claim of insufficient evidence of intent.

**E.    Insufficient Evidence of Lack of Sudden Passion**

Albert next claims that the jury in his second trial had
insufficient evidence to conclude he did not act under the
influence of sudden passion.[60]  Respondent argues that this claim
is also procedurally barred.[61]  Although Albert did raise this claim
in his PDR,[62] the Texas Court of Criminal Appeals dismissed it as

---

[58]Respondent's Proposed Findings of Fact, Conclusions of
Law, and Order, p. 3, <u>Ex parte Alfred</u>, Appl. No. WR-65,986-01.

[59]Respondent Quarterman's Motion for Summary Judgment,
Docket Entry No. 15, p. 35.

[60]Memorandum of Law and Brief in Support of Petition for
Writ of Habeas Corpus, Docket Entry No. 6, p. 27.

[61]Respondent Quarterman's Motion for Summary Judgment,
Docket Entry No. 15, p. 4.

[62]Appellant's Petition for Discretionary Review at 2, <u>Alfred</u>
<u>v. State</u>, 2005 Tex. Crim. App. LEXIS 915.

untimely.[63]  Where a petitioner's claim is "technically" exhausted because he allowed his state law remedies to lapse without presenting his claims to the state courts, "there is no substantial difference between nonexhaustion and procedural default." Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir. 1998).

Alfred does not explain why he was unable to present this issue in a timely manner to the Court of Criminal Appeals.  The court therefore concludes Alfred is not entitled to relief on this claim.

### IV.  Conclusion and Order

For the reasons explained above, Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 15) is **GRANTED**, and Alfred's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 11th day of July, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[63]Alfred v. State, No. PD-0428-05, 2005 Tex. Crim. App. LEXIS 915, July 17, 2005, available at http://www.cca.courts.state.tx. us/opinions/case.asp?FilingID=233769.